UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia DIVISION

| | |
|---|---|
| **In re:**<br><br>**Anthony Parker**<br>    Debtor<br><br>**Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust**<br>        Movant<br><br>v.<br><br>**Anthony Parker**<br>        Debtor/Respondent<br><br>**WILLIAM C. MILLER, Esquire**<br>        Trustee/Respondent | **Bankruptcy No. 19-14871**<br><br>**Chapter 13**<br><br>**Hearing Date: March 26, 2020**<br>**Hearing Time: 11:00 AM**<br>**Location: Courtroom Number #2**<br>**Philadelphia Division/Nix Building** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Secured Creditor, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Anthony Parker, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on August 1, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On August 7, 2006, Anthony Parker executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $177,600.00 to ABN Amro Mortgage Group. A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. The Mortgage was recorded on September 14, 2006 in Doc Id 51529587 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as **Exhibit "B."**

5. The Mortgage was secured as a lien against the Property located at 3159 BELGREEN RD PHILADELPHIA Pennsylvania 19154 ("the Property").

6. A loan modification was entered into on July 7, 2016 creating a new principal balance of $208,270.79. A true and correct copy of the Agreement is attached hereto as **Exhibit "D."**

7. The loan was lastly assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust and same was recorded with the Philadelphia County Recorder of Deeds on January 21, 2016 at Doc Id 53014383. A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit "C"**.

8. Based upon the Debtor(s)' Chapter 13 Amended Plan (Docket No.26), the property is treated outside the plan and Secured Creditor will receive post petition payments directly. A true and correct copy of the Amended Plan is attached hereto as **Exhibit "E."**

9. Co-Debtor(s), Barbara Parker are liable on and/or has secured the aforementioned debt with the Debtor(s).

10. Debtor has failed to make the monthly payments of principal, interest, and escrow in the

amount of $1,464.80 which came due on November 1, 2019, December 1, 2019, and January 1, 2020 respectively.

11. Thus, Debtor(s)' post-petition arrearage totaled the sum of $7,324.00 as of January 7, 2020.

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust to take any and all steps necessary to exercise any and all rights it may have in

the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: February 24, 2020

                                            Respectfully submitted,

                                            BERNSTEIN-BURKLEY, P.C.

                                            By:/s/ Keri P. Ebeck
                                            Keri P. Ebeck, Esq.
                                            PA I.D. #91298
                                            kebeck@bernsteinlaw.com
                                            707 Grant Street
                                            Suite 2200, Gulf Tower
                                            Pittsburgh, PA 15219
                                            (412) 456-8112